## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARVIN HECTOR INESTROZA            :
APARICIO,                           :          No. 26-cv-4624-JMY
               Petitioner,        :
                                :
      vs.                     :
                                :
**TODD BLANCE**, Attorney General of the   :
United States, *et al.*                :
           Respondents.   :

## ORDER

**AND NOW**, this 8th day of July 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 5), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on July 10, 2026**;

3.      If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4.      If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or

emergency circumstances arise that require him to be removed.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.    The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1]  Petitioner, Marvin Hector Inestroza Aparicio, is a citizen of Honduras.  (Petition for Writ of Habeas Corpus ¶ 11, ECF No. 1.)  Petitioner alleges that he entered the United States over 30 years ago in 1995. (*Id.* ¶ 16.)  At the time of entry, Petitioner was not detained, inspected or legally admitted to the United States.  (*Id.* ¶16.)  Petitioner claims that he has resided in Trenton, New Jersey since his arrival in the United States, and that in 1999 he was granted Temporary Protected Status.  (*Id.* ¶ 16.)  Petitioner further alleges that he is married to a lawful permanent resident of the United States and that the couple have two children, ages 6 and 12, who are United States citizens.  (*Id.* 3, 17.)

Petitioner claims that he has no criminal record or history.  (*Id.* ¶ 1.)  However, on July 1, 2026, agents with U.S. Immigration & Customs Enforcement ("ICE") arrested and detained Petitioner while he was entering his work van that was parked at or near a Home Depot.  (*Id.*)  Petitioner had just exited a Home Depot prior to his arrest.  (*Id.*)  ICE is purportedly detaining Petitioner because it asserts that Petitioner is subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225(b).  (*Id.* ¶ 16, Response in Opposition page 3, ECF No. 5.)  In essence, when ICE arrested and detained Petitioner, it was revoking his parole and choosing to detain him under § 1225(b).

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been granted parole and have lived in the United States for a number of years.  The Government candidly acknowledges that the Second, Sixth, Tenth, and Eleventh Circuit Court of Appeals along with a substantial weight of district court authority rejects the position that the Government takes in opposing Petitioner's petition for habeas corpus relief. (Response in Opposition pages 3, 5 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue.  *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No.1, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23,

2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025).  The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful.  The out-of-circuit appeals decisions adopting the Government's position are unpersuasive to this Court.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).